UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **CHRISTOPHER ALLISON**, Defendant. | 2:21-CR-20436-TGB-EAS <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 34)** |

Defendant Christopher Allison is an inmate at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania. On May 29, 2023, Allison filed a pro se motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); ECF No. 34. PageID.230. The Court has thoroughly evaluated the briefings filed in this matter. For the following reasons, Allison's motion for compassionate release is **GRANTED**.

## I. BACKGROUND

On March 30, 2021, Detroit Police conducted a routine patrol near East Seven Mile Road and Hickory Road in Detroit, Michigan. Officers noticed a gray Chrysler 300 parked in front of a fire hydrant, with its windows tinted. Inside the car, officers could see Allison in the front passenger seat alongside another man in the driver's seat. As the officers approached, Allison reached for his door handle. When they exited their patrol car, Allison opened his car door and ran off. The officers gave chase, eventually catching him. Upon returning to the Chrysler, the

officers found a tan-colored firearm lying on the ground next to the passenger door. When questioned about the gun—a Glock 19X 9mm handgun loaded with 17 live rounds of ammunition—Allison admitted he did not possess a license to carry a concealed weapon. Moreover, Allison possessed the firearm despite knowing that, as a convicted felon, he was prohibited from doing so. Accordingly, Allison was charged and convicted of one count of Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1). ECF No. 25, PageID.146–47.

On June 30, 2021, a federal grand jury returned an indictment charging Allison with one count of Possession of a Firearm by a Convicted Felon. ECF No. 1, PageID.1; *see* 18 U.S.C. § 922(g)(1). After pleading guilty as charged, on June 30, 2022, the Court sentenced Allison to 45 months imprisonment. Judgment, ECF No. 32. According to the federal Bureau of Prisons ("BOP") Inmate Locator database, Allison's projected release date is November 13, 2024.

On May 29, 2023, Allison filed a pro se motion for compassionate release, citing his mother's failing health and need for his care. *See* ECF No. 34, PageID.235, 252–68. In response to Allison's motion, the government argues that no extraordinary and compelling circumstances warrant release. ECF No. 37, PageID.315–318. Furthermore, the government contends that other "considerations[,] particularly Allison's criminal history and concerns for the safety of the public[,] counsel against relief." ECF No. 37. PageID.321; *Id.* at PageID.318–320.

## II. LEGAL STANDARD

A sentence constitutes a final judgment, and a district court generally lacks the authority to modify it once imposed. 18 U.S.C. § 3582(b)–(c). Yet, § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "except in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)).

After the defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

The Court must find an "extraordinary and compelling reason" that warrants a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). The Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have [the] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021). Finally, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to determine

whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

In January 2023, the United States Sentencing Commission, per its responsibility under 28 U.S.C. § 994(a), promulgated proposed Amendments to the Sentencing Guidelines—in which it also provided guidance for the first time on the term "extraordinary and compelling reasons" since the First Step Act passed in 2018. U.S.S.G. 1B1.13. Effective November 1, 2023, courts must now abide by the Sentencing Commission's policy statement when evaluating a § 3582(c) motion for compassionate release. *See* Sentencing Guidelines for United States Courts, 88 FR 28254-01; *Concepcion v. United States*, 597 U.S. 481 (2022). Moreover, the ratified amendment "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions[.]" *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *4 (N.D. Ohio Mar. 29, 2024).

Even so, the Sixth Circuit has recognized that typical circumstances attending incarceration and personal factors routinely considered at sentencing cannot supply "extraordinary and compelling" grounds for compassionate release. Factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (2) the proportion of a custodial term already served, (3) the defendant's

successful efforts at rehabilitation while confined, and (4) nonretroactive Sentencing Guideline amendments. *United States v. Jones*, No. 22-1722, 2023 WL 5237413, at *5 (6th Cir. Aug. 15, 2023).

### III.  DISCUSSION

The government concedes that Allison has satisfied the administrative exhaustion requirement outlined in § 3582(c)(1)(A) "as it relates to his request based on his mother's illness." Yet it contests that Allison has exhausted his administrative remedies on "any of the other grounds he raises in his motion." ECF No. 37, PageID.310–11. Therefore, the Court must evaluate whether his mother's illness qualifies as an extraordinary and compelling circumstance warranting release and whether the pertinent sentencing factors under 18 U.S.C. § 3553(a) support compassionate release.

**A.  Extraordinary and Compelling Circumstances**

"Under the statute, the defendant has the burden of showing that an extraordinary and compelling reason supports a reduction in sentence." ECF No. 37, PageID.315 (quoting *United States v. Shy*, No. 15-20652-13, 2023 WL 2795312, at *2 (E.D. Mich. Apr. 5, 2023). The government argues that Allison "fails to meet [this] burden," as he (1) "cites his mother's illness in support of…release, not [the illness of] a spouse or registered partner," and (2) "[f]urthermore, Allison does not allege that his mother is the primary caretaker for his children." *Id.* But the government's argument does not take account of the Sentencing

5

Commission's amended policy statement that expands the circumstances of "extraordinary and compelling" to merit a sentence reduction under 18 U.S.C. § 3582(c). Among them is the "incapacitation of [a] parent[—]when the defendant would be the only available caregiver." U.S.S.G. 1B1.13(b)(3)(C).

Alternatively, the government asserts that Allison fails to explain "why other family members or friends are [un]available to care for his mother." ECF No. 37, PageID.316 (citing Allison's Pre-Sentence Investigation Report, ECF No. 24 *SEALED*, PageID.129 ¶ 42–43) ("noting siblings and grandmother"). The government relies on *United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *4 (E.D. Mich. Mar. 4, 2021) in support of its position that Allison's alleged deficiency bars relief, claiming that, there, "the district court could not conclude that defendant's assistance was necessary" because the defendant "did not address why others could not care for his parents." ECF No. 37, PageID.316–17. The government's characterization of *Johnson* is incomplete.

6

The *Johnson* court provided three bases that—when considered together—justified its denial:

> (i) The Record lacked sufficient details regarding Johnson's parents' "current care arrangements" and information evidencing his "help [was] truly needed;"
>
> (ii) Johnson provided no clarification on either subject, merely describing his parents as "elderly" and "in need of his physical support at home and mental inspiration"; and,
>
> (iii) Johnson did not address "whether any other family members, friends, or community members may be available to care for his parents."

*Johnson*, 2021 WL 822495, at *4.

Moreover, the other case the government offers for support, *United States v. Ingram*, is inapplicable, given the 2023 amendment. No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). The portion of *Ingram* quoted by the government in opposition to Allison's release demonstrates this: "While the [c]ourt empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include Ingram's mother." *Id.*

The district court in *Ingram* was merely applying the rule then in effect; in 2019, a parent's incapacitation was not enumerated as an "extraordinary and compelling reason" supporting sentence reduction

7

under 18 U.S.C. § 3582(c). Now, as a result of the November 2023 amendment, it is.

Further, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing. That such a factor could reasonably have been known or anticipated by the sentencing court does not preclude consideration for a reduction. U.S.S.G. 1B1.13.

Allison's mother requires round-the-clock assistive and palliative care. *See* ECF No. 34, PageID.269 (Allison's mother noting her son "was my caregiver prior to incarceration," and that "I have no one available to help me[.]"); *see also* ECF No. 34, PageID.235–36, 252–68.

The Court will not require Allison to prove a negative. Allison need not be the only imaginable caregiver; it is sufficient that he is the only *available* caregiver. *But see United States v. Hunter*, No. 3:19-CR-182, 2021 WL 4942168, at *3 (S.D. Ohio Oct. 22, 2021) (collecting cases); *United States v. Davis*, No. 2:13-CR-00046-8-JRG, 2021 WL 829367 (E.D. Tenn. Mar. 4, 2021), at *8 (finding the defendant failed to show he was the only capable caretaker when he did not explain why other family members could not step in).

**B. Application of the § 3553(a) Sentencing Factors**

Having found that "extraordinary and compelling reasons" justify reducing Allison's sentence, the Court must also consider whether doing so would be consistent with the § 3553(a) factors. These factors include the defendant's history and personal characteristics, the nature and

circumstances of his crimes, providing just punishment, adequate deterrence, protecting the public from further crimes by the defendant, and providing the defendant with any necessary correctional services and treatment.

The records Allison has submitted to the Court demonstrate that, while incarcerated for this offense, Allison earned his GED (ECF No. 39, PageID.337), has maintained a record of positive prison conduct, and has shown significant efforts toward rehabilitation—among them, working over 500 hours in the institution's UNICOR factory program, auditing parenting courses to better himself as a young father of three children, as well as an assortment of life and skills courses geared to maximize Allison's success as a law-abiding member of his community upon reentry. ECF No. 41, PageID.349–51; *see* ECF No. 34, PageID.280–84.

The Court is aware of Allison's criminal history, one comprised of non-violent, though predominately drug-related, offenses. "Although his offenses were serious, he was young at the time of their commission[;] he is now beyond the age where a heightened risk of recidivism is expected." *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *5 (N.D. Ohio Mar. 29, 2024).

Additionally, Allison's projected release date is November 13, 2024. ECF No. 41, PageID.350. The sentence Allison has already served, combined with the three years of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s]

9

respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

The following special conditions of his release, imposed as sentencing, will further mitigate any public safety concerns and Allison's risk of recidivism:

(i) Allison is to undergo mandatory substance abuse testing. He is to participate in a substance abuse treatment program, where Allison's probation officer, in consultation with the treatment provider, will supervise his participation.

(ii) Allison is prohibited from engaging in any form of gambling and must participate in a gambling addiction treatment program in addition to attending Gamblers Anonymous meetings; and,

(iii) Allison is to obtain gainful employment unless his probation officer excuses him from doing so.

ECF No. 33, PageID.226–28.

Moreover, the Court finds that any benefit to be gained by keeping Allison in prison for the remainder of his sentence is outweighed by the failing health of his mother and her need for Allison to act as her caretaker. Consideration of the § 3553(a) factors balance in favor of granting Allison's compassionate release motion.

## IV. CONCLUSION

For the preceding reasons, Allison's motion for compassionate release is **GRANTED**. Allison's sentence of imprisonment is **REDUCED** to time served. Allison's term of supervised release remains three years, with the same conditions.

**SO ORDERED.**

Dated: June 14, 2024   /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 14, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager